1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

11  FERNANDO "HORSEPAINTER"
    PALOMINO,

12                                    Plaintiff,

13       vs.

14  THE EAGLES BAND OF CALIFORNIA,
    USA,

15

16                                    Defendant.

17

18

19

CASE NO. 19cv2500-LAB (KSC)

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Dkt. 3];**

**ORDER DENYING MOTION TO APPOINT COUNSEL [Dkt. 2];**

**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE.**

20       On December 31, 2019, Plaintiff Fernando Palomino brought this suit against "the

21  Eagles Band of California USA" for copyright infringement.  Pending before the Court is his

22  petition to proceed *in forma pauperis* ("IFP").

23       Palomino's IFP application states that his average monthly income over the previous

24  year was approximately $454.  He is unemployed and has just $100 in his Chase checking

25  account.  The Court finds Palomino is unable to pay the filing fee, so his motion to proceed

26  IFP is **GRANTED**.  Dkt. 3.

27       When a plaintiff is permitted to proceed IFP, the Court is required to screen the

28  complaint, and dismiss it to the extent it is frivolous or malicious, fails to state a claim, or

seeks monetary relief from an immune defendant.  See 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Liberally construed, Palomino's complaint alleges that he is the original performer of a song entitled "How Many More Miles to Your Heart."  Sometime in 1989, he provided a recording of this song to the rock band the Eagles (or to someone affiliated with the band).  The Eagles then proceeded to infringe Palomino's work by using it as a basis for two of their hit songs, "Matters of the Heart" and "Love Will Keep Us Alive."

At this stage, Palomino has not stated a viable claim for copyright infringement.  To prevail on a copyright infringement claim, a plaintiff must show that (1) he or she owns the copyright in the infringed work, and (2) the defendant copied protected elements of the copyrighted work.  *Williams v. Gaye*, 895 F.3d 1106, 1119 (9th Cir. 2018).  Chiefly because he has not provided the Court with any of the relevant recordings, Plaintiff has not plausibly demonstrated either of these elements.  Without a copy of (or at least lyrics to) Palomino's original song and the allegedly infringing Eagles songs, the Court is unable to determine whether it is plausible that the works are "substantially similar."[1]  *Id.*  As such, Palomino's complaint is **DISMISSED WITHOUT PREJUDICE**.   If he believes he can fix these deficiencies, perhaps by lodging with the Court the various recordings he references, he may file an amended complaint no later than **March 3, 2020**.  For now, Palomino's Motion to Appoint counsel is **DENIED WITHOUT PREJUDICE**.   The Court will revisit that determination if his amended complaint states a plausible claim for copyright infringement.

**IT IS SO ORDERED.**

Dated: January 2, 2020

_Larry A. Burns_

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge

---

[1] The Court leaves the statute of limitations issues presented by this case for another day.  Although copyright infringement uses a "separate accrual" rule—meaning that the statute of limitations runs separately from each violation—it is not clear from Palomino's pleading when the infringing conduct occurred most recently.